IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY ALLEN DAVIS, Jr., #19124-078, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 19-cv-00298-SMY ) |
| T. G. WERLICH, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ray Davis, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the BOP's calculation of his federal sentence. (Doc. 1). Davis claims that he is entitled to credit for time he spent in custody while awaiting his federal sentencing in *United States v. Davis*, No. 13-cr-00351-AGF-1 (E.D. Mo.).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

A petition filed pursuant to 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Section 2241 can be used to challenge the computation of a federal inmate's sentence by the BOP in the district of confinement. *See Taylor v.*

1

*Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). *See also Romandine v. United States*, 205 F.3d 731, 736 (7th Cir. 2000). Here, Davis challenges the BOP's computation of his federal sentence which he is currently serving at a facility located in this federal judicial district. His claim is thus cognizable under Section 2241 and warrants further consideration. Accordingly, the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

## Disposition

**IT IS ORDERED** that Respondent Werlich shall answer the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 or otherwise plead within thirty (30) days of the date this Order is entered (on or before **April 22, 2019**).[1] This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS SO ORDERED.**

**DATED:  March 21, 2019**

                                                                        s/ STACI M. YANDLE
                                                                        **United States District Judge**